UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS CARR,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 20-cv-00744-WHO<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 19, 30 |

Before me is a partial motion to dismiss pro se plaintiff Phyllis Carr's claims in her First Amended Complaint. First Amended Complaint ("FAC") [Dkt. No. 15]; Defendant's Notice of Motion and Partial Motion to Dismiss the First Amended Complaint [Dkt. No. 19]. The motion sets forth two sets of arguments: first, that the United States is the sole proper defendant in this case; and, second, that there is no subject matter jurisdiction over Carr's claims (except for her 2012 federal refund claim) and that those claims are not sufficiently pleaded.

On July 7, 2020, I granted Carr's motion for leave to amend her FAC to substitute the United States as defendant in place of the Internal Revenue Service ("IRS") and to dismiss Min Jie Ma, Charles P. Retting and the IRS without prejudice. Order Granting Motion for Leave to Amend First Amended Complaint to Substitute a Party and Subsequent Order to Show Cause [Dkt. No. 25]. This resolved the first set of arguments.

I gave Carr another opportunity to respond to the second set of arguments regarding subject matter jurisdiction and sufficiency of her claims outside of her 2012 federal refund claim. On July 21, 2020, she filed a Second Amended Complaint naming only the United States as a defendant. Second Amended Complaint ("SAC") [Dkt. No. 26]. In a separately filed opposition, she contends that she "proceeds only on [the] claim for refund as indicated in [the] second

amended complaint," but the SAC continues to include claims that the United States argues should be dismissed. Plaintiff's Further Opposition to Partial Motion to Dismiss ("Oppo.") [Dkt. No. 27] 2. Because it is unclear whether Carr is conceding that the remaining claims should be dismissed, I address the merits of the United States' partial motion to dismiss.[1]

The United States is not disputing that there is subject matter jurisdiction over the 2012 federal refund claim. But it moves to dismiss to the extent that Carr seeks to bring refund claims for tax years 2011 and 2010. First, it is unclear why she included the 2011 tax year in her FAC and SAC, particularly because she does not appear to dispute the underlying liability for the 2011 tax year. FAC ¶ 9 ("No taxes were due for tax year 2011"); SAC ¶ 14 ("The taxpayer did not owe taxes for 2011).[2]

Next, Carr does not appear to challenge the underlying liability for the 2010 tax year, but instead seeks to recover overpayment credits transferred from the 2010 tax year and applied to her outstanding 2012 tax year liability. FAC ¶¶ 3, 9; SAC ¶¶ 52, 57. 26 U.S.C. § 6402 permits crediting amounts of overpayments made by a taxpayer against any internal revenue tax law liability of such person. *See* 26 C.F.R. §§ 301.6402-1, 2, 3(a)(6)(i). Under 26 U.S.C. § 7422(d), when the IRS applies an overpayment as a credit to a liability for a separate tax year, the taxpayer must file a refund claim for the year in which the IRS applied the credit. *See GreenThapedi v.*

---

[1] On August 4, 2020, the United States filed separate partial motion to dismiss the SAC with an Argument section that is "nearly identical to the prior motion, except the arguments relating to the proper defendants, service, and any individual claims against individual defendants have been removed." United States' Notice of Motion and Partial Motion to Dismiss the Second Amended Complaint [Dkt. No. 30]. This order resolves both motions.

[2] Carr requests that I take judicial notice the IRS transcripts and returns attached as exhibits to the United States' partial motion to dismiss. Oppo. 2–3; Declaration of Heather Wolfe in Support of Partial Motion to Dismiss the Complaint [Dkt. No. 10-1] (attached exhibits of Carr's account transcripts and returns); Declaration of Heather Wolfe in Support of Partial Motion to Dismiss First Amended Complaint [Dkt. No. 19-1] (attached exhibits of Carr's account transcripts). These IRS records are specific to Carr and are not "generally known" to make them appropriate for judicial notice. They are also not needed to evaluate the sufficiency of her claims at this stage. Her request is DENIED. *See Huene v. U.S. Dep't of the Treasury*, No. 2:11-cv-2110-JAM, 2012 WL 3027815, at *1 (E.D. Cal. Jul. 24, 2012) (declining to consider or take judicial notice of two taxpayer-specific documents, as opposed to a third generic IRS guidance document); *Carrillo v. I.R.S.*, No. CIV 05-1022PHXRCB, 2006 WL 167558, at *6 (D. Ariz. Jan. 24, 2006) (finding that "Correspondence from the IRS is not a matter of public record apt for judicial notice" and extending same rationale to Forms 4340).

1  *United States.*, 549 F.3d 530, 532 (7th Cir. 2008). Therefore, any payments allegedly made by
2  Carr for the 2010 tax year that were then transferred as credits to her 2012 tax year must be
3  recovered, if at all, through her 2012 refund claim.
4      The remainder of her claims also fail. Her "Unlawful Taking and Constitutional Claim"
5  fails because post-deprivation process in the form of administrative and judicial proceedings for
6  recovery of overpayments is constitutionally adequate due process. SAC ¶¶ 46, 48; *see Philips v.*
7  *Commissioner*, 283 U.S. 589, 597 (1931) (ability to bring suit to recover the amount paid when a
8  taxpayer pays the tax and is thereafter denied administrative relief, satisfies due process
9  requirements); *Larson v. United States*, 888 F.3d 578, 585 (2d Cir. 2018) ("[I]n the tax context,
10 the constitutionality of a scheme provided for only post-assessment judicial review is well-
11 settled.") (citing cases). Her "General Discrimination Claim" fails because Title VII of the Civil
12 Rights Act, which protects employees, is not applicable as she is not an employee of the IRS.
13 SAC ¶ 48.
14     Her unspecified "Civil Damages under Taxpayer Bill of Rights and 26 U.S.C. § 7433" also
15 fails. In order to state a claim under section 7433(a), a plaintiff must demonstrate that an
16 employee of the IRS violated a specific section of the Internal Revenue Code or Treasury
17 Regulations in *collecting* taxes from the plaintiff. *See Miller v. United States*, 66 F. 3d 220, 222
18 (9th Cir. 1995). Carr does not appear to contest any collection action taken by the IRS, nor does
19 she complain that any collection activities were in any way improper. Rather, she seems to object
20 to the amount of the underlying tax liability, a claim that may be resolved through her pending
21 2012 federal refund claim.
22     For the foregoing reasons, the United States' partial motion to dismiss is GRANTED.
23 Only Carr's 2012 federal refund claim in the SAC may proceed. A Case Management Conference

3

is set for September 15, 2020 at 1:30 p.m.  The Joint Case Management Conference Statement shall be filed by September 8, 2020.

**IT IS SO ORDERED.**

Dated: August 8, 2020



William H. Orrick
United States District Judge

4